Allen, J.
delivered the opinion of the court. The cases of Elder v. Elder’s ex’or, and Erskine v. Henry, are decisive in favour of the negroes. Judge Carr remarked, in the first of those cases, that “in the construction of wills, we are to find out the meaning, the intention, the will of the testator, and unless it violates some provision of law, it must be carried into effect.” This is the polar star to guide us in the construction of all wills. The law permits emancipation by will, and where the intention is clear, it must be observed. In the present case, upon the whole will, there would seem to be no doubt of the intention of the testator to emancipate the whole of his slaves. The will intends a disposition of his whole estate. *652 But his slaves are not specifically bequeathed, as slaves, to any person. A limited interest, coupled' with a¡- . charge, is given to the legatees, “the labour and raising;” with a further restriction as to the slaves in question, that they were not to be removed out of the staté, or so far as to deprive them of .their freedom; And after making similar provisions as to other slaves, and the two young negroes, with his sons Charles and James, he directs that they and “all the others,”- shall be free at twenty-one years of age. Many of the slaves no doubt exceeded that age at the execution of the will: others might probably attain it before his and his wife’s death; and for those in that condition, he provides that they shall be free on the first of January succeeding the death of himself and wife. Such as-were then under that age were left to the operation of the preceding clauses, which gave their “labour and - raising,” to his sons, and conferred freedom on their attainment of twenty-one. bTo disposition being made of the slaves or their increase, they continued to be the slaves of his estate, and as such were embraced by the comprehensive grant of freedom to all the other slaves of his estate. In the case of Elder v. Elder’s ex’or, the testator directed that all the rest of his slaves should be given to a trustee to take to Liberia. It was contended there, in reference to the increase, that the mothers were slaves at the birth of the children: to w’hieh it was replied by Judges Carr and Tucker, “ If the children were born slaves, they were the slaves of the testator, and come within the bequest as well as their mothers.” In Ershine v. Henry, the testator bequeathed all his. estate, real and personal, to R. 0., during her life, and at her death all his negroes to be tree: the court held, that not only the slaves living at his death, but the children born during the life estate, were his slaves, belonged to his estate, and as such were emancipated. The words in the present will are *653 equally comprehensive; and the intention not to dispose of any of the slaves as slaves, hut to emancipate all, is equally manifest. . .
¥e do not think there is any thing in the objection to the jurisdiction or form of proceedings. Though a testator may emancipate by will, the right to do so is subject to the claim of creditors. The assent of the executors is necessary, and until given, the slaves have no legal title to freedom which could be asserted in an action at law; hence the necessity of an application to a court of equity. The slaves here were infants, bound to service until they attained the age of twenty-one; the legatee and his representatives had a right to the custody of •them. The bill avers an intention to sell; and this allegation is not denied. The executors insist upon their right to hold and dispose of them as absolute «laves; and if the condition of the estate required it, they would, if their view was correct, be bound, in the proper discharge of their duty, to sell them. If redress could not be afforded by a Court of Chancery, the slaves would be without remedy. On both grounds, it seems to me, the jurisdiction could be maintained.
The decree is to be affirmed.*

 The court held, that the hoys Green and Henry were hound to service till they attained to twenty-one years of age; that the representatives of the legatee Nathan Anderson had a right to the custody of them till then. Yet it affirmed the decree of the Circuit Superior Court, which held that they wer & free from their birth, and ordered that they should he forthwith discharged from custody, though neither was then twenty-one years of age. Tile-reason of the general affirm-a-ncejprohahly was, that, at the'time, of the decree of this court, they had hoth attained to that age.